Daniel B Chammas (SBN 204825)
*dchammas@fordharrison.com*
Min K. Kim (SBN 305884)
*mkim@fordharrison.com*
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: (213) 237-2400
Facsimile:  (213) 237-2401

Attorneys for Defendant,
DSV Solutions, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| Maria Sanchez, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DSV Solutions, a South Carolina Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO. 5:22-cv-874<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br><br><br>Complaint Filed:  February 1, 2022<br>Removal Filed:     May 25, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant DSV Solutions, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

///

///

# **TABLE OF CONTENTS**

**Page**

I.    PLEADINGS AND PROCESS, AND ORDERS ........................................... 1

II.   TIMELINESS OF REMOVAL.............................................................. 2

III.  VENUE.................................................................................... 2

IV.   INTRA-DISTRICT ASSIGNMENT ...................................................... 2

V.    JURISDICTION PURSUANT TO THE CLASS ACTION
      FAIRNESS ACT .......................................................................... 2

           A.    Citizenship of Parties................................................. 3

           B.    The Amount in Controversy Exceeds $5 Million
            and Plaintiff's Classes are More than 100 Class
            Members ...................................................................... 5

VI.   NOTICE OF REMOVAL ............................................................... 15

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

i

1

### TABLE OF AUTHORITIES

2

Page(s)

3

**Federal Cases**

4

5
*Alvarez v. Office Depot, Inc.*,
  2017 WL 5952181 (C.D. Cal. Nov. 30, 2017)..................................................11

6
*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019)...............................................................................6

7
*Avila v. Rue 21, Inc.*,
8
  432 F. Supp. 3d 1175 (E.D. Cal. 2020)...............................................................11

9
*Behrazfar v. Unisys Corp.*,
  687 F. Supp. 2d 1199 (E.D. Cal. 2008)................................................................8

10
*Bryant v. NCR Corp.*,
  284 F. Supp. 3d 1147 (S.D. Cal. 2018)................................................................11

11
*Cagle v. C&S Wholesale Grocers, Inc.*,
12
  __ F.R.D. ___, 2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ................................8

13
*Cortez v. United Natural Foods, Inc.*,
  2019 U.S. Dist. LEXIS 31540 (N.D. Cal. Feb. 27, 2019) ............................13, 15

14
*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014) ..............................................................................................6

15
*Elizarraz v. United Rentals, Inc.*,
16
  2019 WL 1553664 (C.D. Cal. Apr. 9, 2019) ......................................................11

*Fadal Machining Ctrs., LLC v. Mid-Atlantic CNC, Inc.*,
17
  464 Fed. Appx. 672 (9th Cir. 2012) ....................................................................4

18
*Feao v. UFP Riverside, LLC*,
  2017 WL 2836207  (C.D. Cal. June 29, 2017) ...................................................11

19
*Fritsch v. Swift Transp. Co.*,
20
  899 F.3d 785 (9th Cir. 2018).........................................................................13, 14

*Ibarra v. Manheim Investments, Inc.*,
21
  775 F.3d 1193 (9th Cir. 2015)...........................................................................5, 6

22
*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006)...............................................................................4

23
*Kanter v. Warner-Labert Co.*,
24
  265 F.3d 853 (9th Cir. 2001)...............................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
25
  704 F.2d 1088 (9th Cir. 1983).............................................................................3

26
*Kastler v. Oh My Green, Inc.*,
  2019 U.S. Dist. LEXIS 185484 (N.D. Cal. Oct. 25, 2019)................................14

27
*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
28
  199 F. Supp. 2d 993 (C.D. Cal. 2002) .................................................................8

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Krug v. Wells Fargo Bank, N.A.*,
   2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ......................................2
*Luckett v. Delta Airlines, Inc.*,
   171 F.3d 295 (5th Cir. 1999).................................................................7
*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ..............................................................................2
*Oda v. Gucci Am.*,
   2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ...........................................12
*Olson v. Becton, Dickinson & Co.*,
   2019 WL 4673329 (S.D. Cal. Sept. 25, 2019) ....................................11
*Ramirez v. Benihana Nat'l Corp.*,
   2019 U.S. Dist. LEXIS 3537, *6 (N.D. Cal. Jan. 8, 2019) .................14
*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
   303 U.S. 283 (1938) ..............................................................................5
*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ..........................................................................5, 6
*Vallejo v. Sterigenics U.S., LLC*,
   2021 WL 2685348 (S.D. Cal. June 29, 2021)......................................11

## **Federal Statutes**

28 U.S.C. § 84(c)(2) .....................................................................................2
28 U.S.C. § 1332(c)(1) .................................................................................4
28 U.S.C. § 1332(d) ............................................................................1, 2, 5
28 U.S.C. § 1332(d)(2) .......................................................................3, 5, 15
28 U.S.C. § 1332(d)(2)(A)............................................................................4
28 U.S.C. § 1332(d)(3)-(5) ...........................................................................3
28 U.S.C. § 1332(d)(5)(B)...........................................................................15
28 U.S.C. § 1332(d)(6)......................................................................5, 15
28 U.S.C. § 1441(a) ..................................................................................2, 4
28 U.S.C. § 1446(b) ......................................................................................2
28 U.S.C. § 1446(c)(1) ..................................................................................3
28 U.S.C. § 1446(d)........................................................................................1
28 U.S.C. § 1453(b) ......................................................................................3

## **State Statutes**

Business and Professions Code § 17200 .................................................1, 8
Cal. Code of Civil Procedure § 382............................................................3
Cal. Lab. Code § 201 .................................................................................8, 9
Cal. Lab. Code § 202 .................................................................................8, 9
Cal. Lab. Code § 203 .................................................................................8, 9

DEFENDANT'S NOTICE OF REMOVAL

Cal. Lab. Code § 218.5 ...................................................................... 13

Cal. Lab. Code § 226 ....................................................................... 9, 13

Cal. Lab. Code § 226(e)(1) .................................................................. 9

Cal. Lab. Code § 226.7 ....................................................................... 8

Cal. Lab. Code § 510 ...................................................................... 8, 9

Cal. Lab. Code § 558 ...................................................................... 8, 9

Cal. Lab. Code § 1174 ........................................................................ 9

Cal. Lab. Code § 1194.2 ................................................................... 12

**Federal Rules**

Fed. R. Civ. Proc. 6(a) ....................................................................... 2

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

## I.     PLEADINGS AND PROCESS, AND ORDERS

1.     On February 1, 2022, Plaintiff Maria Sanchez ("Plaintiff"), on behalf of herself and all others similarly situated, filed a class action complaint against Defendant entitled "*Maria Sanchez v. DSV Solutions, a South Carolina Limited Liability Company, and DOES 1-50, inclusive*," in the Superior Court of California, County of San Bernardino, Case No. CIVSB2202683 (hereinafter, the "Complaint").    A true and correct copy of the Complaint is attached to the Declaration of Min K. Kim, ¶ 2 ("Kim Decl.") as **Exhibit A**.  The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2.     The Complaint alleges seven causes of action which Plaintiff pursues on a class-wide basis: (1) failing to pay for all hours worked, including overtime hours worked; (2) failing to reimburse for required business expenses; (3) failing to provide timely meal breaks; (4) failing to provide rest breaks; (5) failing to pay all wages owed; (6) failing to provide accurate wage statements and maintain accurate payroll records; and (7) unlawful business practices - Business and Professions Code § 17200. (*See generally* Ex. A. *supra.*)

3.     True and correct copies of the Summons, Civil Case Cover Sheet, Certificate of Assignment, Initial Case Management Conference Order, and Initial Guidelines for Complex Litigation Program are attached to the declaration of Min Kim as **Exhibit B**.

4.     A true and correct copy of Defendant's Answer to Plaintiff's Complaint, filed with the state court on May 24, 2022 is attached to the Kim Decl. as **Exhibit D**.

5.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders received by Defendant or filed with the Court in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, County of San

Bernardino or served by any party. (Kim Decl., ¶ 6.)

## II.     TIMELINESS OF REMOVAL

6.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after April 25, 2022, date on which Defendant signed and returned the Notice and Acknowledgment of Receipt of the Complaint and other service documents. (Kim Decl., ¶ 4.)  The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Here, the last day for removal falls on May 25, 2022, accounting for weekends and holidays.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

## III.     VENUE

7.     The United States District Court for the Central District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of San Bernardino, which is located within the Central District of California.  28 U.S.C. § 84(c)(2).

## IV.     INTRA-DISTRICT ASSIGNMENT

8.     Pursuant to C.D. Cal. General Order No. 19-03, Section I.B.1.b., this action should be assigned to a judge sitting within the Eastern Division because the action arises in San Bernardino County, unless adjustments are required as described in the above cited General Order.

## V.     JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9.     This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d).  CAFA provides the

federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

10.     Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendant.  The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

11.     This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of "[a]ll current and former hourly, non-exempt employees of Defendant in California, at any time from four years prior to the initiation of this action until the date of certification." (Compl., ¶¶ 22, 24, Ex. A to Kim Decl., ¶ 2.)  Plaintiff has alleged that "the Class Members exceed 100 and therefore are so numerous as to make it impracticable to bring them all before this Court."  (*Id.* at ¶ 26.)

## A.     Citizenship of Parties

12.     Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2).

13.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to

1   remain, or to which he or she intends to return.  *Kanter v. Warner-Labert Co.*, 265

2   F.3d 853, 857 (9th Cir. 2001).

3       14.    Here, Plaintiff alleges that she "is a resident of the State of California."

4   (Compl., ¶ 7, Ex. A to Kim Decl.)  Accordingly, Plaintiff is a citizen of the State of

5   California for diversity purposes.  *Kanter*, 265 F.3d at 857.

6       15.    The citizenship of a limited liability company for diversity jurisdiction

7   purposes is the citizenship of its members. *See Fadal Machining Ctrs., LLC v. Mid-*

8   *Atlantic CNC, Inc.*, 464 Fed. Appx. 672, 673 (9th Cir. 2012) ("For purposes of

9   diversity jurisdiction, a limited liability corporation is a citizen of all states where

10  its members are citizens."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d

11  894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of

12  every state of which its owners/members are citizens.").  DSV Air & Sea Holdings,

13  Inc. is the sole member of Defendant DSV Solutions, LLC. DSV Air & Sea

14  Holdings, Inc. was formed under the laws of the State of Delaware and its principal

15  place of business is in New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation

16  shall be deemed to be a citizen of any State and foreign state by which it has been

17  incorporated and of the State or foreign state where it has its principal place of

18  business.").  Accordingly, for diversity purposes, Defendant DSV Solutions, LLC is

19  a citizen of Delaware and New Jersey.

20      16.    The presence of Doe defendants in this case has no bearing on

21  diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of

22  removal under this chapter, the citizenship of defendants sued under fictitious

23  names shall be disregarded").

24      17.    Here, diversity of citizenship is met because Plaintiff is a citizen of

25  California while Defendant is a citizen of Delaware and New Jersey.  Therefore, the

26  minimal diversity requirement is fully satisfied.  *See*, 28 U.S.C. § 1332(d)(2)(A).

27  ///

28  ///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

4
DEFENDANT'S NOTICE OF REMOVAL

### B.   The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members

18.   CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d). (Compl., ¶ 12, Ex. A to Kim Decl.)

19.   "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).   "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibid.*

20.   Here, Plaintiff has made a claim that "the amount in controversy, including claims for monetary damages, penalties and attorney's fees is more than twenty-five thousand dollars ($25,000) and less than five million dollars ($5,000,000.)" (Compl., ¶ 12.) Plaintiff has further claimed that "there is no federal question at issue as the claims herein are based solely on California law, and the amount in controversy does not exceed five million dollars ($5,000,000.) (*Id.*, ¶ 13.)

21.   The Supreme Court has held that when "a class-action plaintiff ... stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total," the district court should "ignore[ ] that stipulation" when assessing the amount in controversy. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590, 596 (2013). "This is so because although individual plaintiffs "are the masters of their complaints" and may

"stipulat[e] to amounts at issue that fall below the federal jurisdictional requirement," the same is not true for a putative class representative, who "cannot yet bind the absent class."" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928–29 (9th Cir. 2019) (citing to *Standard Fire Ins. Co.,* 568 U.S. at 595–96). Thus, Plaintiff's allegation in her Complaint that the amount in controversy does not exceed five million dollars does not preclude Defendant's ability to remove the case under CAFA.

22.    More importantly, based on the Plaintiff's factual allegations in the Complaint and the number of all current and former hourly, non-exempt employees of Defendant in California from February 1, 2018 (four years prior to the filling of Plaintiff's Complaint) to May 25, 2022 (the date of removal), the amount in controversy exceeds the jurisdictional threshold. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). *See also Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

///

**Calculation of Amount in Controversy with Reasonable Assumptions**

23.     Here, Defendant can plausibly allege, based on Plaintiff's Complaint and her prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million.  The assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant.

24.     Plaintiff has defined the Class as "[a]ll current and former hourly, non-exempt employees of Defendant in California, at any time from four years prior to the initiation of this action until the date of certification." (Compl., ¶ 24.) (the "Proposed Class Members"). During the period of February 1, 2018 to May 25, 2022 (the date of removal) (hereinafter, the "Relevant Time Period"), based on personnel and payroll records of those whom Defendant employed as hourly non-exempt employees during the Relevant Time Period, Defendant employed 960 individuals in California as hourly, non-exempt employees. The employees in question were employed full-time, and worked eight hours a day for 5 days a week. Accordingly, based on the employees' shift lengths and workweek schedules, it is reasonable to assume that all 960 employees in question are members of the Proposed Class Members.  Based on the Proposed Class Members' personnel and payroll records, the average hourly rate of the Proposed Class Members is $17.34 per hour.  As of the date of the removal, the Proposed Class Members worked approximately 38,285 workweeks in the Relevant Time Period.

25.     While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

26.    Here, Plaintiff alleges seven causes of action: (1) failing to pay for all hours worked, including overtime hours worked; (2) failing to reimburse for required business expenses; (3) failing to provide timely meal breaks (4) failing to provide rest breaks; (5) failing to pay all wages owed; (6) failing to provide accurate wage statements and maintain accurate payroll records; and (7) unlawful business practices – Business & Professions Code section 17200. (*See generally* Ex. A. *supra*.)

27.    Plaintiff seeks compensatory wages, additional wages pursuant to Labor Code § 226.7, interest, penalties pursuant to Labor Code §§ 203, 510, 558 as well as attorneys' fees and costs. Plaintiff seeks recovery of the aforementioned remedies for all members of the Proposed Class. (*See*, *e.g.*, *id.* at Prayer for Relief.)

Waiting Time Penalties

28.    Plaintiff claims that "due to Defendant's unlawful employment practices, Defendant knowingly and willfully failed to always pay all compensation due and owing to Plaintiff at the time employment termination. Defendant willfully failed to pay Class Members who are no longer employed by it all compensation due upon [sic] of employment as required by Cal. Lab. Code §§ 201 and 202. Pursuant to §§ 203, Plaintiff and similarly situated individuals are now also entitled to recover up to thirty (30) days of wages due to Defendant's "willful" failure to

comply with the statutory requirements of §§ 201 and 202 of the Labor Code. (Compl., ¶ 66, Ex. A to Kim Decl.)   Plaintiff further claims that "other employees who separated from the company, whether voluntary or involuntary, were also denied payment of wages in a timely manner as required by §203. (*Id*., ¶ 67.) During the Relevant Time Period, at least 636 of those who worked at some point as an hourly employee of Defendant in California ended their employment within the relevant three-year statute of limitations applicable to Labor Code section 203 claims ("Terminated Employees"). The average daily shift for the Proposed Class Members was eight hours in length. Assuming *arguendo* the truth of Plaintiff's allegations that the Terminated Employees were deprived of at least some wages during their employment, based on the Terminated Employees' average rate of pay, Plaintiff's claim for waiting time penalties is estimated to be at least **$2,559,772.8** (636 terminations x $16.77/hour x 8 hours x 30 days).

Wage Statement Violations

29.    Plaintiff also allege that "Defendants knowingly and intentionally failed to furnish Plaintiff and Class Members with timely, accurate, itemized wage statements to Plaintiff and the Class, as well as maintain accurate records, in accordance with Labor Code §§226 and 1174 ." (Compl., ¶ 75.)   Plaintiff further alleges that "[t]he statements sometimes provided to Plaintiff and the Class have not consistently and accurately reflected actual gross wages earned, the correct overtime hourly rate, and total hours worked." (*Id.*) "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Labor Code ¶ 226(e)(1).

30.    Proposed Class Members received one wage statement every week. Assuming *arguendo* the truth of Plaintiff's allegations that Proposed Class

Members are entitled to wage statement penalties based on at least some unpaid wages each pay period, based on the number of wage statements issued to each respective Proposed Class Member during the relevant time period, and capping each individual's statutory penalties to a maximum of $4,000, Plaintiff's claim for inaccurate wage statement penalties, in the aggregate, is estimated to be at least **$1,436,950.00**.

### Missed Meal Break Claim

31.   As for her missed meal break claim, Plaintiff alleges that "during the Class Period…she and the Class from time to time were not provided a full, uninterrupted 30-minute break.  In this case, Plaintiff claims that although she and her coworkers on occasion worked 10-hour shifts, she was not consistently provided a full, uninterrupted first and second 30-minute break." (Compl., at ¶¶ 45-46, Ex. A to Kim Decl., ¶ 2.)

32.   Assuming *arguendo* that Proposed Class Members were not provided a full, uninterrupted 30-minute break once every other week – based on Plaintiff's allegations that the alleged violations occurred from time to time – then based on the Proposed Class Members' average rate of pay ($17.34/hour) and their respective number of workweeks (38,285 workweeks), the meal break violation claim alleges at least **$331,930.95** ($17.34/hour x 1 hour x (38,285 workweeks x 0.5)) in damages.[1]

### Missed Rest Break Claim

33.   As for her missed rest break claim, Plaintiff claims that "Defendant has failed to maintain a policy and practice that consistently provides or permits its employees to take off-duty rest periods as required by California law." (Compl., at ¶ 51.) Plaintiff also alleges that "during the Class Period… she and Class Members were from time to time denied compliant rest periods." (*Id.* at ¶ 52.)  Consequently,

---

[1] The meal break calculation is reasonable as it is only accounting for the alleged violation of the first meal break, not the second meal break.

1    Plaintiff is alleging, as a matter of policy and practice, that Defendant does not
2    provide Plaintiff and Proposed Class Members with lawful rest breaks.

3        34.    Where a complaint alleges "that Defendant had 'a policy and practice'
4    of 'regular' and 'routine' meal and rest period violations," a "50% violation rate…
5    per employee, for the duration of the statutory period…is reasonable." *Vallejo v.*
6    *Sterigenics U.S., LLC*, 2021 WL 2685348, at *3 (S.D. Cal. June 29, 2021). *See also*
7    *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017)
8    ("Defendant '[a]ssum[ed] that putative class members are entitled to three rest
9    period premiums and three meal period premiums per workweek,' *NOR* ¶ 26—in
10   other words, a 60 percent violation rate for every employee at Plaintiff's
11   facility…The Court finds this percentage reasonable…"); *Feao v. UFP Riverside,*
12   *LLC*, 2017 WL 2836207, at *5  (C.D. Cal. June 29, 2017) ("Plaintiff alleges that
13   Defendant "engaged in a uniform policy and systematic scheme of wage abuse
14   against their [sic] hourly-paid or non-exempt employees…Defendant only factors in
15   a 60 percent violation rate for Plaintiff's meal and rest period claims. *Id.* ¶ 28. In
16   light of the case law and the language in the Complaint, Defendant's assumptions
17   are sufficiently supported.").

18       35.    "District courts have found that violation rates of 25% to 60% can be
19   reasonably assumed as a matter of law based on 'pattern and practice' or 'policy
20   and practice allegation[s]." *Avila v. Rue 21, Inc.*, 432 F. Supp. 3d 1175, 1189 (E.D.
21   Cal. 2020); *see also Olson v. Becton, Dickinson & Co.*, 2019 WL 4673329, at *4
22   (S.D. Cal. Sept. 25, 2019) (finding 25% violation rate to be appropriate based on
23   plaintiff's "pattern and practice" allegations); *Elizarraz v. United Rentals, Inc.*, 2019
24   WL 1553664, at *3–4 (C.D. Cal. Apr. 9, 2019) (using 50% violation rate for meal
25   period claim and 30% violation rate for rest period claim); *Bryant v. NCR Corp.*,
26   284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (using 60% violation rate for the meal
27   period claim and 30% violation rate for rest period claim); *Alvarez v. Off. Depot,*
28   *Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (using 60% violation

rate); *Oda v. Gucci Am.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015) (using 50% violation rate).

36.     Assuming *arguendo* that Proposed Class Members were prevented from taking a lawful rest break once a week (assumption of a 20 percent violation rate) then based on the Proposed Class Members' average rate of pay ($17.34/hour) and their respective number of workweeks (38,285 workweeks), the rest break violation claim alleges at least **$663,861.90** ($17.34/hour x 1 hour x (38,285 workweeks)) in damages.

<u>Minimum Wage Violations</u>

37.     The Complaint alleges that "Defendant failed to pay Plaintiff and the Class for all hours worked as a result of Defendant's occasional failure to pay for all time employees were under their control" (Compl., ¶ 37(a).) *See also id.*, ¶ 37(c) ("Defendant from time to time failed to pay all wages earned to employees as a result of the unlawful employment policies and practices.")

38.     The Complaint further alleges that "Plaintiff and the Class from time to time did not receive their 30-minute period for their break due to the fact that they occasionally had to walk a 3-5 minute off the clock walk from the work area, each way, shaving 6-10 minutes from their break time.  This was the case for Rest Breaks as well, forcing Plaintiff and the Class to occasionally take their rest breaks at their work stations." (*Id.*, ¶ 37(b).)

39.     Based on these allegations, if each Proposed Class Member recovers the applicable minimum wage for an extra 15 minutes each workweek, along with the double damages under Labor Code section 1194.2 demanded in the Complaint, then there is at least **$239,420.50** put in controversy by this claim.

40.     The amount in controversy for *only* Plaintiff's first (minimum wage violation (but not accounting for Plaintiff's claim for failure to pay overtime wages)), third (meal break violation claim), fourth (rest break violation claim), fifth (waiting time penalties), and sixth (wage statement claim) causes of action is

estimated to be at least **$5,231,936.15**, exclusive of attorneys' fees and interest.

41.     Plaintiff also seeks an award of reasonable attorneys' fees and costs for the Proposed Class Members, including pursuant to the California Labor Code §§ 218.5 and 226 and any other applicable statute.  (*See* Prayer for Relief, Ex. A to Kim Decl.)  "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018). "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation," and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Id.*

42.     Although *Fritsch* has rejected an automatic assumption that a 25 percent fee recovery will be awarded in a wage and hour class action, the *Fritsch* court still permits use of a "percentage based method" "when estimating the amount of attorneys' fees included in the amount in controversy." *Id.*, 796, n.6. District courts have recognized this important caveat in *Fritsch*. *See Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, *22-23 (N.D. Cal. Feb. 27, 2019) ("while the Ninth Circuit refused to hold that a court must always use the 25% rate of the final award to determine future attorneys' fees, the Court did 'not hold that a percentage-based method is never relevant when estimating the amount of attorneys' fees included in the amount in controversy.'").

43.     The rule now is merely that a removing defendant cannot assume that such a percentage will be awarded. As a result, several district courts, after *Fritsch*, have held that where nothing about a wage and hour class action suggests that there would be a downward departure from the 25 percent benchmark, such a percentage is appropriate. *See Cortez*, 2019 U.S. Dist. LEXIS 31540, *23 (N.D. Cal. Feb. 27, 2019) (relying on *Fritsch*, holding that "[i]n the Court's experience, this appears to be a typical wage and hour class action to which courts in this Circuit would likely

apply the 25% benchmark rate."); *Kastler v. Oh My Green, Inc.*, 2019 U.S. Dist. LEXIS 185484, *18 (N.D. Cal. Oct. 25, 2019) (following *Fritsch*, and holding that "[a]lthough Defendant provide[d] very little to support a 25% fee calculation," the court, relying "on its own knowledge of customary rates and [its] experience concerning reasonable and proper fees," found that it was reasonable); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *6 (N.D. Cal. Jan. 8, 2019) ("While the Court acknowledges the 25% benchmark does not automatically apply in all cases, see *Fritsch*, 899 F.3d at 796…none of the factors counseling against the application of the 25% benchmark have been raised by plaintiffs, nor does the record before the Court otherwise reflect a departure from such benchmark is warranted.").

44.    Considering the sum of the potential damages for only the first (not accounting for the claim for failure to pay overtime), third, fourth, fifth, and sixth causes of action are estimated to be at least **$5,231,936.15**, it is reasonable to assume *arguendo* that the potential attorneys' fees would be $1,307,984.04 ($5,231,936.15 x 25%) for these five causes of action.

45.    Defendant does not concede Plaintiff's claims have any merit, however, when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims regarding meal and rest breaks, wage statements, minimum wage and waiting time penalties likely exceeds the $5 million jurisdiction requirement, exclusive of interest and costs ($5,231,936.15 + $1,307,984.04 = **$6,539,920.19**). This amount is not considering other alleged damages in Plaintiff's other causes of action.  Alternatively, if a 15 percent recovery estimate is used, the fee request would still be $784,790.42. Other courts have held that, after *Fritsch*, fee percentages of less than 15% are more than reasonable. *See Kastler*, 2019 U.S. Dist. LEXIS 185484, *19 ("Even if a 25% fee were unreasonable, Defendant meets the jurisdictional threshold with a fee as low as 15%, which would certainly be more than reasonable in light of the statutory

bases for fees in this type of case."); *Cortez*, 2019 U.S. Dist. LEXIS 31540, *24 ("Even were the 25% fee not reasonable, the Court can certainly say that an 11% fee (all that is required for the amount in controversy to reach $5,000,000) is an eminently reasonable projection of the potential fees, given the rate's marked downward departure from the 25% benchmark.").

46.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a).  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.")  Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

47.     Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied at the very least by the 960 Proposed Class Members identified herein above.  *See* 28 U.S.C. § 1332(d)(5)(B).

**VI.   NOTICE OF REMOVAL**

48.     A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

49.     By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law. Defendant expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

50.     WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

///

///

///

1

2    Dated: May 25, 2022

3

4

5    By:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

FORD & HARRISON LLP


By: */s/ Min Kim*
        Daniel B Chammas
        Min K. Kim
        Attorneys for Defendant,
        DSV Solutions, LLC

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **May 25, 2022**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

## DEFENDANT'S NOTICE OF REMOVAL

Nazo Koulloukian                    Attorneys for Plaintiff,
KOUL LAW FIRM                       MARIA SANCHEZ
3435 Wilshire Boulevard, Suite 1710
Los Angeles, CA 90010
Tel.: (213) 761-5484
Fax: (818) 561-3938
Email:      nazo@koullaw.com

Sahag Majarian, II, Esq.
LAW OFFICES OF SAHAG
MAJARIAN II
18250 Ventura Boulevard
Tarzana, CA 91356
Tel.: (818) 609-0807
Fax: (818) 609-0892
Email: sahagii@aol.com

☒ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 25, 2022**, at Los Angeles, California.

_____
Lillian Marquez