UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-874 PA (SPx) | Date | June 16, 2022 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Notice of Removal filed by defendant DSV Solutions, LLC ("Defendant"). (Docket No. 1.) Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). (Id.) On May 26, 2022, the Court issued Defendant an order to show cause why the case should not be remanded for lack of subject matter jurisdiction, due to not meeting the amount in controversy requirement for CAFA. (Docket No. 10.) On June 10, 2022, Defendant filed a Response. (Docket No. 13.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-874 PA (SPx) | Date | June 16, 2022 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC, et al. | | |

(quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

Defendant contends that the allegations in Plaintiff's Complaint, combined with extrinsic evidence, put into controversy an amount in excess of $5 million as required to support this Court's jurisdiction under CAFA. Using business records, Defendant supplies the following values for use in its calculations: (1) Defendant employed approximately 1012 putative class members who worked eight hours a day for five days a week; (2) putative class members earned an average hourly rate of $17.72 per hour; (3) putative class members worked approximately 36,066 workweeks from February 1, 2018 to May 25, 2022; (4) approximately 663 putative class members ended their employment between February 1, 2019 and May 25, 2022; (5) the average daily shift for those terminated employees was eight hours in length and they earned an average hourly rate of $17.27; and (6) pay periods for putative class members were one week and thus received a wage statement every week.[1] (See Decl. of Cynthia Gonzalez, Docket No. 13-2.) Defendant also points to the allegations of Plaintiff's Private Attorneys General Act representative action in state court (the "PAGA Action"), which contains similar allegations of Defendant's conduct. (See Decl. of Daniel Chammas Ex. A, Docket No. 13-1.)

Defendant makes several assumptions to reach the necessary amount in controversy. Defendant's base assumption is that putative class members suffered a meal break, rest break, and unpaid wage violation once every four weeks, resulting in a combined violation rate of five percent. (Response at 1, 8-11.) Stated differently, Defendant assumes that in a four week span, putative class members did not receive one out of twenty meal breaks, two out of forty rest breaks, and worked at least one unpaid minute in twenty shifts. (Id.) Defendant also assumes, relevant to the wage statement claim, that putative class members never suffered more than one

---

[1] The Removal contained slightly different estimates, as it did not include all employees through May 25, 2022. (See Response at 8 n.2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-874 PA (SPx) | Date | June 16, 2022 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC, et al. | | |

violation in the same week, leading to one violation every week or a violation rate of 100 percent. (Id. at 8.) Defendant argues these estimates are conservative and thus reasonable. (See Removal ¶ 25 (citing Cagle v. C&S Wholesale Grocers, Inc., No. 2:13-cv-02134-MCE-KJN, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) ("When a defendant's calculations are relatively conservative, made in good faith, and based on evidence wherever possible, the court may find that the defendant has established by a preponderance of the evidence that the amount in controversy is met." (citations and alterations omitted))).) Defendant also points to other cases where courts found higher violation rates to be reasonable. (See Removal ¶¶ 34-35 (collecting cases); Response at 5-6, 9 (citing Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 993-96 (9th Cir. 2022) (finding an assumption of one hour of unpaid work a week, a 100 percent violation rate, was reasonable), and Arias v. Residence Inn by Marriott, 936 F.3d 920, 926-27 (9th Cir. 2019) (finding reasonable the assumption of one missed rest break per week and six minutes of unpaid overtime per day based on allegations that defendant "routinely" committed violations)).)

      The Court finds that Defendant has failed to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million. Defendant provides no evidence, outside of the allegations of the Complaint and the PAGA Action, to support the assumed violation rates. (See Response at 3-6 ("The Complaint alleges 'occasional' and 'from time to time' off the clock work and missed meal periods and rest periods because of [Defendant's] improper policies and practices. Under Ninth Circuit law, this permits [Defendant] to make an assumption of at least a 5 percent violation rate.").) Upon review of the pleadings and evidence submitted, Defendant offers no reason "grounded in real evidence" as to why either a five percent or 100 percent violation rate for Plaintiff's claims is appropriate. Ibarra, 775 F.3d at 1197, 1199 (stating "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," and that "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them"); see also Akana v. Estee Lauder, Inc., No. LA CV19-00806 JAK (PLAx), 2019 WL 2225231, at *6 (C.D. Cal. May 23, 2019) ("[S]ome factual basis is required once the amount in controversy has been contested. As in Ibarra, Defendants 'relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence,' despite having the burden of proof as to the amount in controversy."); Weston v. Helmerich & Payne Int'l Drilling Co., No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant is not obligated to prove Plaintiff's case . . . [but] there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers . . . or, at a minimum, explaining why Defendant's methodology and assumptions make sense."). Allegations that Defendant "from time to time" or "occasionally" committed labor violations fail to plausibly establish that either a meal break, rest break, or unpaid wage violation occurred with every employee, every week they were employed. "Where a defendant's assumption is unreasonable on its face without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-874 PA (SPx) | Date | June 16, 2022 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC, et al. | | |

comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." Jauregui, 28 F.4th at 996.

     For the reasons stated above, Defendant has failed to satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 as required for federal jurisdiction under CAFA. This action is hereby remanded to the Superior Court of California, County of San Bernardino, case number CIVSB2202683, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.